United States District Court

Eastern District of California

Jonathan Conrad Fuller,

     Plaintiff,

vs.

Altchek, et al.,

     Defendants.

No. Civ. S 04-1276 FCD PAN P

Order

-oOo-

Plaintiff is a prisoner prosecuting this action without counsel.  Confronted by defendants' motion to dismiss, plaintiff seeks leave to file a third-amended complaint.  Defendants oppose.

A party may amend the party's pleading once as a matter of right before the filing of a responsive pleading; otherwise a party may amend only by consent or with leave of court, which must be freely given.  Fed. R. Civ. P. 15(a).  By statute, a court must review a prisoner's complaint and dismiss all or part

of it if the complaint does not state a claim.  <u>See</u> 28 U.S.C. § 1915(e)(2); 1915A.

The question is whether plaintiff may proceed on the August 2, 2005, amended complaint without leave of court, or whether his right to amend once as of right was exhausted when he first amended.  Since the order requiring amendment made pursuant to section 1915A is "like" one made pursuant to a motion to dismiss pursuant to Rule 12(b)(6), and a such a motion is not a pleading, I conclude plaintiff retained the right conferred by Rule 15.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir. 2000) (language of section 1915(e)(2) parallels language of 12(b)(6) and fifty years' precedent instructs court ordinarily should grant leave to amend when dismissing pursuant to 12(b)(6)); Rule 7(a) (defining pleadings and not including motions).

Since defendants have not filed and served a responsive pleading, defendants' July 29, 2005, motion to dismiss is denied upon the ground it is moot.  Defendants have 30 days to respond to the August 2, 2005, amended complaint.

So ordered.

Dated:  January 24, 2006.

                                      <u>/s/ Peter A. Nowinski</u>
                                      PETER A. NOWINSKI
                                      Magistrate Judge