IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNATHAN CONRAD FULLER,

        Plaintiff,                          No. CIV S-04-1276 FCD PAN P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.                   FINDINGS & RECOMMENDATIONS

        Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. He alleges the following: (1) from September 2000 through April 2001, defendant Dr. Altchek refused to examine plaintiff to determine the source of plaintiff's severe pain, which was caused by tuberculosis of the bone and ultimately required plaintiff to undergo surgery and to suffer neurological deficiencies; (2) defendant Dr. Dhillon ordered diagnostic tests unrelated to plaintiff's pain; (3) defendant Dr. Mehta referred plaintiff to a psychiatrist for plaintiff's complaints of pain; (4) defendants Donohue, Andreasen and Ramirez-Palmer learned through the appeals process that plaintiff was not receiving proper medical attention but did not remedy the situation; (5) defendant Cry violated plaintiff's right to petition the government for redress by rejecting his appeals upon the ground he used inappropriate language; (6) in February 2004, plaintiff fell in the shower and defendant Pai only gave plaintiff Tylenol; (7) in February 2004,

after plaintiff threatened to file a grievance complaining of defendant Murray's threatening and harassing behavior, Murray retaliated by entering plaintiff's cell and destroying plaintiff's personal property. On February 23, 2006, defendants Altchek, Anreasen, Cry, Dhillon, Donahue, Dehta, Murry, Pai and Ramierz-Palmer filed a motion to dismiss upon the grounds plaintiff failed to exhaust available administrative remedies and fails to state a claim upon which relief can be granted.

FAILURE TO EXHAUST

<u>Facts</u>

On December 15, 2000, plaintiff submitted a grievance stating he had pain in his left side; defendant Mehta prescribed medicine and ordered a urine test; at a subsequent visit defendant Altchek prescribed medication without examining plaintiff or reading the test results and denied plaintiff's request for an MRI. Plaintiff requested that defendant Altchek be "recused" from treating plaintiff and receive additional training, and that plaintiff be given an MRI. Plaintiff's Opposition, Exhibit 1. The informal level was bypassed and on February 1, 2001, the appeal was denied on the first formal level of review.

On February 8, 2001, plaintiff sought second-level review, requesting procedures to diagnose his pain and asserting that after defendant Altchek determined that neither x-rays nor a CT scan revealed any malady, defendant Altchek accused plaintiff of faking. Plaintiff's Opposition, Exhibit 1.

On February 14, 2001, the appeal was rejected on two grounds. First, plaintiff had not "adequately completed the CDC 602 form or attached the proper documents," in that "2nd level rebuttal is a new issue i.e., request for a lay-in and staff complaint of misconduct." Plaintiff's Opposition Exhibit 3. Second, plaintiff abused the appeal process by using "excessive verbiage." Plaintiff's Opposition, Exhibit 1. The "instructions" portion of the rejection form stated, "Directions to 602 underlined ('one additional page') front + back or 2 pages only."

On January 20, 2004, plaintiff submitted a shorter appeal for second-level review and on January 22, 2004, it was rejected as untimely. Plaintiff's Opposition, Exhibit 3.

Law

On a motion to dismiss for failure to exhaust available administrative remedies, the court may look beyond the pleadings and decide disputed facts. Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2002). A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A remedy is available as long as there is a possibility that corrective action could be taken in response to a grievance. See Porter v. Nussle, 534 U.S. 516 (2002); Brown v. Valoff, 422 F.3d 926, 936 (9th Cir. 2005). The administrative remedy must be exhausted before suit is brought and a prisoner is not entitled to a stay of judicial proceedings in order to exhaust. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." 15 Cal. Admin. Code § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. See 15 Cal. Admin. Code §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal three formal levels of review and presentation on the third level, the Director's Level of Review, exhausts the remedy for departmental purposes 15 Cal. Admin. Code §§ 3084.1(a), 3084.5. An appeals coordinator reviews appeals before accepting them for review and any decision to reject the appeal "shall provide clear instructions regarding further action the inmate must take to qualify the appeal for processing." 15 Cal. Admin. Code § 3084.3(d).

Defendants have the burden of identifying the remedies that remain available by reference to statutes, regulations, documents, testimony and information given to the prisoner concerning the grievance procedure. Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2005). A California prisoner who correctly completes an appeal form provided by prison officials provides

information adequate to exhaust the administrative remedy.  See Butler v. Adams, 397 F.3d 1181 (9th Cir. 2005) (error to dismiss complaint for failure to identify defendants on form provided by the prison since the form did not require such identification).

  Defendants Altchek, Dhillon and Mehta assert plaintiff did not pursue to the Director's Level of Review any complaint about the medical care they provided from September 2000 through April 2001.

  On December 15, 2000, plaintiff filed a grievance complaining of inadequate medical care.  On February 1, 2001, the appeal was denied.

  On February 8, 2001, plaintiff filed a second-level appeal.  On February 14, 2001, an appeals coordinator rejected this appeal upon the ground plaintiff added a new request for relief and a new complaint of staff misconduct and he used "excessive verbiage."  The appeals coordinator provided the following instructions: "Directions to 602 underlined ("one additional page") front & back or 2 pages only."  Exhibit One to Plaintiff's Opposition.

  On January 20, 2004, plaintiff submitted a second grievance about the medical treatment provided by Altchek, Dhillon and Mehta in 2000 and 2001.  On January 22, 2004, this grievance was rejected as duplicative, for exceeding the time limits to appeal an unfavorable decision and for failing reasonably to demonstrate the appeal issue adversely affected his welfare in that he "had the means and ability to follow the CDC 695[1] instructions of 2-14-01."

  But the February 14, 2001, rejection provided plaintiff no instructions on whether to re-submit the appeal on the second level of review or whether, if he was dissatisfied with the rejection, he should proceed to the third level.

  Defendants adduce no evidence that any remedy remained available.

  The court finds plaintiff exhausted available administrative remedies with respect to his claims against Altchek, Dhillon and Mehta and will recommend defendants' motion to

---

[1] This is the form prison officials use in rejecting, as opposed to denying, a prisoner's appeal.

dismiss on this ground be denied.

Defendant Murray asserts plaintiff did not submit for third-level review an appeal asserting that Murray retaliated against plaintiff in February 2004 by destroying plaintiff's personal property. Plaintiff asserts that he attempted to grieve this issue in February and March 2004, but defendant Cry "procedurally barred me from the CMF appeals process," and so he never reached the third level of review. Defendant Murray does not adduce any evidence to the contrary.

The court finds plaintiff exhausted available administrative remedies with respect to this claim and will recommend that defendant Murray's motion to dismiss on this ground be denied.

## FAILURE TO STATE A CLAIM

Law

On a motion to dismiss pursuant to Rule 12(b)(6), the court must accept plaintiff's allegations as true, read the complaint most favorably to plaintiff, give plaintiff the benefit of every reasonable inference that appears from the pleading and argument of the case and dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Wheeldin v. Wheeler, 373 U.S. 647, 658 (1963); Retail Clerks International Association, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 754 n.6 (1963); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The court may consider documents attached to the complaint in evaluating a motion to dismiss. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

Defendant Cry asserts plaintiff fails to state a claim that she interfered with plaintiff's right to petition the government for redress of grievances. Prisoners have a First Amendment right to file prison grievances. Bruce v. Ylst, 351 F.3d 1283 (9th Cir. 2003). "The right of access to courts is subsumed under the First Amendment right to petition the government for redress of grievances." Sorrano's Gasco, Inc., v. Morgan, 874 F.2d 1310, 1314 (9th Cir.

1989).  To state a claim for the denial of access to courts plaintiff must allege Cry's act resulted in the rejection of, or inability to bring, a non-frivolous, actionable claim related to his conviction or conditions of confinement.  Lewis v. Casey, 518 U.S. 343, 353, 355 (1996).

Plaintiff claims that defendant Cry denied him the right to petition the government by rejecting two of plaintiff's grievances.  The court has concluded plaintiff exhausted the claims included in those grievances.

The court finds plaintiff has failed to state a claim that defendant Cry violated plaintiff's right to petition the government and will recommend that defendant Cry's motion on this ground be granted.

Defendant Murray asserts plaintiff fails to state a claim for retaliation.  To state a claim, plaintiff must allege that defendant Murray took some action against plaintiff for his engagement in a constitutionally protected activity and the action served no legitimate penological interest or was not narrowly tailored to serve such an interest.  Rhodes v. Robinson, 408 F.3d 559 (9th Cir. 2005); Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).

Plaintiff alleges defendant Murray retaliated against plaintiff for expressing his intent to file a grievance if Murray continued to threaten and terrorize prisoners by bursting into plaintiff's cell and destroying plaintiff's personal property.

These allegations suffice to state a claim.  The court will recommend defendant Murray's motion to dismiss upon the ground plaintiff fails to state a claim for retaliation be denied.

Defendant Pai asserts plaintiff fails to state a claim for deliberate indifference to plaintiff's serious medical needs.

To state a claim defendants provided constitutionally inadequate medical care, plaintiff must allege acts or omissions evidencing defendants knew of and disregarded plaintiff's serious medical needs.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Neither negligence on the part of defendants nor plaintiff's general

1  disagreement with the treatment he received suffices to state a claim. Estelle, 429 U.S. at 106;
2  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988); Jackson v. McIntosh, 90 F.3d
3  330, 331 (9th Cir. 1996).
4       Plaintiff alleges that in February 2004, he fell in the shower and injured his head,
5  ankle and lower back. He told defendant Pai he was in pain in his back where he had titanium
6  rods. Defendant Pai prescribed Tylenol for plaintiff's headache but denied treatment for
7  plaintiff's back.
8       These allegations state an Eighth Amendment claim. The court will recommend
9  that defendant Pai's motion to dismiss on this ground be denied.
10       Defendant Altchek asserts plaintiff fails to state a claim for deliberate indifference
11  to plaintiff's serious medical needs. Plaintiff alleges that from September 2000 through April
12  2001, defendant Altchek refused to treat plaintiff's pain caused by tuberculosis of the bone and
13  instead accused plaintiff of faking, and that the delay caused plaintiff to suffer neurological
14  deficiencies and to require surgery.
15       These allegations state a claim and the court will recommend that defendant
16  Altchek's motion on this ground be denied.
17       Defendants Mehta and Dhillon assert plaintiff fails to state a claim for deliberate
18  indifference to plaintiff's serious medical needs. Plaintiff alleges defendant Mehta referred
19  plaintiff to a psychiatrist for plaintiff's complaints of pain and defendant Dhillon refused to treat
20  plaintiff's pain.
21       These allegations state a claim. The court will recommend defendants Mehta and
22  Dhillon's motion on this ground be denied.
23       Defendants Andreasen and Donahue assert plaintiff fails to state a claim because
24  they did not personally cause any constitutional deprivation. A supervisor is liable for
25  constitutional violations of his subordinates if he participated in or directed the violations, or
26  knew of the violations and failed to act to prevent them, Taylor v. List, 880 F.2d 1040, 1045 (9th

1  Cir. 1989), or if he implemented a policy so deficient that the policy itself is a repudiation of
2  constitutional rights and is the moving force of the constitutional violation, Hansen v. Black,
3  885 F.2d 642, 646 (9th Cir.1989).
4       Plaintiff alleges these defendants denied plaintiff's administrative appeal
5  concerning the failure of Altchek, Mehta and Dhillon to treat plaintiff's pain.  The court
6  understands plaintiff to claim it is the delay in treatment that caused the injury.  Insofar as
7  defendants Andreasen and Donahue, as medical specialists, could have interceded and directed
8  timely treatment, plaintiff's allegations state a claim for relief.
9       The court will recommend defendants Andreasen and Donahue's motion to
10 dismiss for failure to state a claim be denied.
11      Defendant Ramirez-Palmer asserts plaintiff fails to state a claim because she did
12 not personally cause any constitutional deprivation.
13      Plaintiff alleges Ramirez-Palmer was notified through the appeals process that
14 Altchek, Mehta and Dhillon refused to treat plaintiff's pain.  But defendant Cry rejected
15 plaintiff's appeal on the second level of review, the level at which defendant Ramirez-Palmer
16 would have learned of the problem.
17      Plaintiff's allegations fail to state a claim for relief.  The court will recommend
18 defendant Ramirez-Palmer's motion to dismiss for failure to state a claim be granted.
19      Accordingly, IT IS HEREBY RECOMMENDED that:
20      1. The February 23, 2006, motion to dismiss for failure to exhaust available
21 administrative remedies filed by Altchek, Dhillon and Altchek be denied;
22      2. The motion to dismiss for failure to exhaust available administrative remedies
23 filed by Murray be denied;
24      3. Defendant Cry's motion to dismiss for failure to state a claim under the First
25 Amendment be granted;
26      4. Defendant Murray's motion to dismiss for failure to state a claim for retaliation

be denied;

      5. Defendant Pai's motion to dismiss for failure to state a claim for deliberate indifference to plaintiff's medical needs be denied;

      6. The motion to dismiss filed by defendants Mehta and Dhillon asserting plaintiff failed to state a claim for deliberate indifference to plaintiff's serious medical needs be denied;

      7. The motion to dismiss filed by defendants Andreasen and Donahue asserting plaintiff failed to state a claim for deliberate indifference to plaintiff's serious medical needs be denied;

      8. Defendant Ramirez-Palmer's motion to dismiss for failure to state a claim be granted.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Written objections may be filed within 15 days from the date these findings and recommendations are served.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 16, 2006.

UNITED STATES MAGISTRATE JUDGE

\004
\full1276.157