IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNATHAN CONRAD FULLER,

    Plaintiff,                    No. CIV S-04-1276 FCD EFB P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.               <u>ORDER</u>

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On August 17, 2006, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within 15 days.  Plaintiff and defendants have filed objections to the findings and recommendations.

        The magistrate judge determined plaintiff failed to state a claim that Ana Ramirez-Palmer was deliberately indifferent to his serious medical needs because plaintiff failed to allege this defendant knew of plaintiff's serious medical needs and so could not show this

1

defendant personally was involved in any constitutional deprivation.  Plaintiff seeks to clarify his allegations and asserts that in late 2000 or early 2001, his wife complained about plaintiff's inadequate medical care to the Office of Investigative Services and was told that the warden would notify her of the disposition.  Plaintiff's Objections at 1.  The court accepts this allegation as true and finds it sufficient to survive a motion to dismiss.  *See Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006) (prison administrators liable for deliberate indifference when they knowingly fail to respond to an inmate's requests for help).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo  review of this case.  Having carefully reviewed the entire file, the court finds that plaintiff states a claim for relief against defendant Ana Ramirez-Palmer, but otherwise finds that the findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 17, 2006, are adopted in part as explained above;

2. The February 23, 2006, motion to dismiss for failure to exhaust available administrative remedies filed by Altchek, Dhillon and Mehta is denied;

3. The motion to dismiss for failure to exhaust available administrative remedies filed by Murray is denied;

4. Defendant Cry's motion to dismiss for failure to state a claim under the First Amendment is granted;

5. Defendant Murray's motion to dismiss for failure to state a claim for retaliation is denied;

6. Defendant Pai's motion to dismiss for failure to state a claim for deliberate indifference to plaintiff's medical needs is denied;

////

7. The motion to dismiss by defendants Mehta and Dhillon asserting plaintiff failed to state a claim for deliberate indifference to plaintiff's serious medical needs is denied;

8. The motion to dismiss filed by defendants Andreasen and Donahue asserting plaintiff failed to state a claim for deliberate indifference to plaintiff's serious medical needs is denied; and

9. Defendant Ramirez-Palmer's motion to dismiss for failure to state a claim is denied.

DATED: September 21, 2006

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL JR.
United States District Judge